JTW/LNE: USAO 2018R00584

FILED _____
LOGGED _____
ENTERED _____
RECEIVED _____

JUN 21 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO.** ELH-19-0286 |
| | * | |
|  | * | (Conspiracy to Distribute and Possess |
| | * | with the Intent to Distribute |
| | * | Controlled Substances, 21 U.S.C. § |
| | * | 846; Possession with the Intent to |
| | * | Distribute Controlled Substances, 21 |
| **KEIZYE COLLINS,** | * | U.S.C. § 841(a)(1); Possession of a |
| **DEREK CROSBY,** | * | Firearm in Furtherance of a Drug |
| a/k/a "MICE," | * | Trafficking Crime, 18 U.S.C. § 924 (c); |
| | * | Possession of a Firearm and |
| | * | Ammunition by a Convicted Felon, 18 |
| **GEORGE DRUMMOND,** | * | U.S.C. § 922(g); Aiding & Abetting, 18 |
| | * | U.S.C. § 2; Forfeiture, 21 U.S.C. § 853, |
| | * | 18 U.S.C. § 924(d), and 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |
| | * | |
| | * | |
| **TONY SOLOMON,** | * | **UNDER SEAL** |
| | * | |
| | * | |
| **WINDEER WASHINGTON,** | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| **Defendants.** | | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland charges that:

From in or about July 2018 and continuing until on or about the date of this Indictment, in

the District of Maryland and elsewhere, the defendants,



**KEIZYE COLLINS,**
**DEREK CROSBY,**

**GEORGE DRUMMOND,**

**TONY SOLOMON,**

**WINDEER WASHINGTON,**

did knowingly and willfully combine, conspire, confederate and agree with one another and with

others known and unknown to the Grand Jury to distribute and possess with intent to distribute

one kilogram or more of a mixture or substance containing a detectable amount of heroin, a mixture

2

or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl]

propanamide, also known as fentanyl, a Schedule II controlled substance, and five kilograms of

and a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled

substance, and 280 grams or more of a mixture or substance containing a detectable amount of

cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

## MANNER AND MEANS OF THE CONSPIRACY

1.      Among the manner and means by which the defendants and others conducted and

participated in the conspiracy were the following:

2.      

3.      Members of conspiracy distributed heroin, fentanyl, cocaine, and cocaine base to

customers.

4.      Members of the conspiracy conducted narcotics sales on a daily basis, operating in

rotating shifts to ensure continuous distribution.

5.      Members of the conspiracy sold bulk quantities of narcotics to other drug traffickers

who, in turn, redistributed the narcotics in and around Baltimore.

6.      Members of the conspiracy adulterated heroin, fentanyl, cocaine, and cocaine base

to maximize their profits, cutting the drugs with other substances.

7.      Members of the conspiracy used residences in and around Baltimore, Maryland to

process, repackage, and prepare heroin, fentanyl, cocaine, and cocaine base for distribution.

8.    Members of the conspiracy frequently changed cell phones to prevent the interception of drug-trafficking communications by law enforcement.

9.    Members of the conspiracy possessed firearms in furtherance of their drug trafficking activities, including this conspiracy.

21 U.S.C. § 846

## COUNT TWO
### (Possession with Intent to Distribute Cocaine, Heroin and Fentanyl)



21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT THREE
**(Possession of a Firearm in Furtherance of Drug Trafficking)**



18 U.S.C. § 924(c)
18 U.S.C. § 2

## COUNT FOUR
### (Possession of a Firearm by a Felon)



18 U.S.C. § 922(g)(1)

7

## COUNT FIVE
**(Possession with Intent to Distribute Heroin and Fentanyl)**

The Grand Jury for the District of Maryland further charges that:

On or about August 3, 2018, in the District of Maryland, the defendant,

### KEIZYE COLLINS,

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or

substance containing a detectable amount of heroin, a Schedule I controlled substance, and a

mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-

4-yl] propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT SIX
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about January 23, 2019, in the District of Maryland, the defendants,



**TONY SOLOMON,**

did knowingly possess firearm, that is, a Glock 23, .40 caliber semi-automatic pistol, bearing serial

number PVK637, in furtherance of a drug trafficking crime for which they may be prosecuted in

a court of the United States, that is, conspiracy to distribute and possession with intent to distribute

controlled substances, in violation of Title 21, United States Code, Section 846, as alleged in Count

One of this Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

9

## COUNT SEVEN
### (Possession of a Firearm by a Felon)

The Grand Jury for the District of Maryland further charges that:

On or about January 23, 2019, in the District of Maryland, the defendants,

**TONY SOLOMON,**

possessed in and affecting commerce a firearm and ammunition, that is, a loaded Glock 23, .40 caliber semi-automatic pistol, bearing serial number PVK637, and ammunition, having previously been convicted of a felony and did so knowingly.

18 U.S.C. § 922(g)(1)

## COUNT EIGHT
### (Possession with Intent to Distribute Cocaine)



21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT NINE
**(Possession with Intent to Distribute Cocaine)**



21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT TEN
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about January 23, 2019, in the District of Maryland, the defendants,

### GEORGE DRUMMOND, and
### TONY SOLOMON

did knowingly possess a firearm, that is, a Glock 37, .45 caliber semi-automatic pistol, serial number GAF795 in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as alleged in Count One of this Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

13

## COUNT ELEVEN
### (Possession of a Firearm by a Felon)

The Grand Jury for the District of Maryland further charges that:

On or about January 23, 2019, in the District of Maryland, the defendants,

**GEORGE DRUMMOND, and**
**TONY SOLOMON,**

possessed in and affecting commerce a firearm and ammunition, that is, a loaded a Glock 37, .45

caliber semi-automatic pistol, serial number GAF795, and ammunition, having previously been

convicted of a felony and did so knowingly.


18 U.S.C. § 922(g)(1)

14

## COUNT TWELVE
### (Possession with Intent to Distribute Cocaine and Heroin)



21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT THIRTEEN
### (Possession with Intent to Distribute Fentanyl)



21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT FOURTEEN
### (Possession with Intent to Distribute Cocaine)



21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

17

## COUNT FIFTEEN
**(Possession with Intent to Distribute Cocaine)**

The Grand Jury for the District of Maryland further charges that:

On or about January 2, 2019, in the District of Maryland, the defendant,

## WINDEER WASHINGTON

did knowingly and intentionally possess with the intent to distribute 28 grams of a mixture or

substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(B)
18 U.S.C. § 2

18

## COUNT SIXTEEN
**(Possession with Intent to Distribute Cocaine)**

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT SEVENTEEN
### (Possession with Intent to Distribute Fentanyl)



21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.       Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendants' convictions under Counts One through Eleven of this Superseding Indictment.

### Narcotics Forfeiture

2.       As a result of the offenses set forth in Counts One, Two, Five, Eight, Nine, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen incorporated here, the defendants shall forfeit:

    a.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

    b.  any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3.       The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

21

**Firearms Forfeiture**

4.   As a result of the offenses set forth in Counts Four, Seven, and Eleven incorporated here, the defendants shall forfeit to the United States the firearms identified in those counts and involved in those offenses.

**Substitute Assets**

5.   If any of the property described above, as a result of any act or omission of any defendants,

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third person;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or,

        e.   has been commingled with other property which cannot be subdivided without difficulty

the United States of America shall be entitled to forfeiture of substitute property.

21 U.S.C. § 853
28 U.S.C. § 2461(c)

_Robert K. Hur /ANE_
ROBERT K. HUR
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

6·11·19

Date

22